Dear Mr. Noah:
This is in response to your request for an opinion of this office on behalf of the Ouachita Parish School Board.
You ask for an opinion concerning the appropriate procedures to be followed for the proposed sale of the old Ouachita Parish Elementary and Jr. High School by the Ouachita Parish School Board to the Monroe City School Board.
In particular, your specific inquiries are as follows:
 1) Are the provisions of LSA-R.S. 33:1321 et seq., LSA-R.S. 17:87.6 or LSA-R.S. 41:891 et seq. applicable to the sale of this property by the Parish Board to the City Board? Specifically, so long as the provisions of LSA-R.S. 33:1321 et seq., the Local Services Law, are followed, can the Ouachita Parish School Board sell this property to the Monroe City School Board by private sale between the two public bodies without going through the process of advertising, bidding or public auction?
 2) Does Article VII, Section 14 of the 1974 Louisiana Constitution require that the Ouachita Parish School Board receive a price for the sale of the property in question that is commensurate with the current fair market value of the property?
You also note that the Monroe City School Board has recently passed a bond issue and funds are now available for that system to proceed with either the purchase or lease of the subject property, which has been under a "Use Agreement" at a rental of $15,000 per year.
After review of the information contained in your letter, it is our opinion that the sale between these two political subdivisions of the state could be pursuant to all three of the statutes which you have cited, provided that there is adherence to the procedures set forth in each and that due consideration is given to the constitutional constraints. That is, the Ouachita Parish School Board should receive a price commensurate with the value of the property sold or transferred, as required by Article VII, Section 14(C).
Accordingly, the provisions of LSA-R.S. 33:1321 et seq., the Local Services Law, could be followed, and the School Board could sell the property to the Monroe City School Board without going through advertising, bidding or public auction, but simply by private sale between the two bodies.
These statutes allow any parish, municipality or political subdivision of the state or any combination thereof to enter into an agreement between and among themselves to engage in the construction, acquisition or improvement of any public project for enumerated purposes listed therein, one of which is for "recreational and educational facilities".
This must be accomplished within the constraints of ArticleVII, Section 14 of the Louisiana Constitution which precludes the use of "funds, credit, property or things of value of the state or of any political subdivision" for the purpose of loans, pledges or donations "to or for any person, association, or corporation, public or private".
Prior court decisions and opinions of this office have concluded that the provisions of the Constitution must be strictly construed and that public funds and property may not be used for purposes which are not specifically authorized by law. While the Constitution also recognizes that "for a public purpose, the State and its political subdivisions or political corporations may engage in cooperative endeavors with each other", one political subdivision may not transfer public funds or property to another unless it is under a legal obligation to do so. Article VII, Section 14(C). See, for instance, Op. Atty. Gen. 78-1260 (October 4, 1978); Op. Atty. Gen. No. 87-587 (September 8, 1987); Op. Att. Gen. No. 89-180 (April 26, 1989); Op. Atty. Gen. No. 90-392 (January 15, 1991); Op. Atty. Gen. No. 90-73 (April 24, 1990). See also City of Port Allen,Louisiana v. Louisiana Mun. Risk Management Agency,Inc., 439 So.2d 399 (Sup.Ct. 1983), involving different facts and reaching a very broad conclusion as to the Article VII, Section 14 provisions.
The provisions of LSA-R.S. 33:1321 et seq., make it unnecessary to follow the public bid requirements contained in LSA-R.S. 17:87.6 and LSA-R.S. 41:891 et seq., where the property in question is not being transferred out of the public domain, as here. This comports with the stated intent of the Local Services Law, which was intended to provide greater economy and efficiency in the operation of local services and the benefits of such services. See LSA-R.S. 33:1323. See also Op. Atty. Gen. No. 93-619 involving a similar situation between the Lafayette Parish School Board and the City of Lafayette.
I hope that this information is of assistance to you and if we may be of further help, please call upon us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ___________________________ GARY L. KEYSER Assistant Attorney General
RPI/GLK:bb
DATE REC'D: 8/1/95
DATE RELEASED: